**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GUY FRIDAY EHLER,

                Petitioner - Appellant,

   v.

MARK NOOTH,

                Respondent - Appellee.

No. 09-35726

D.C. No. 3:08-cv-00483-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, Senior District Judge, Presiding

Submitted June 7, 2010[**]
Portland, Oregon

Before: HALL, FERNANDEZ, and McKEOWN, Circuit Judges.

   In 1979, Petitioner Guy Friday Ehler was convicted of two counts of

first-degree rape, two counts of first-degree sodomy, and one count of attempted

first-degree rape. He received an indeterminate sentence of 90 years in prison. On

---

       [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

       [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

October 6, 2004, the Oregon Board of Parole ("Board") deferred Ehler's projected parole release date for 24 months, concluding that he suffered a "present severe emotional disturbance that constitutes a danger to the health and safety of the community." Ehler sought state administrative and judicial review of the Board's decision, arguing, *inter alia*, that it violated the Ex Post Facto Clause. After exhausting his state remedies, Ehler filed a petition for habeas corpus with the United States District Court for the District of Oregon. The district court denied the petition, and Ehler timely appealed. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 & 2253.[1] We affirm.

The district court properly held that the Board did not violate the Ex Post Facto Clause in deferring Ehler's release date. Ehler argues that the Board improperly applied a post-1993 version of Or. Rev. Stat. § 144.125(3), because the Board, and not a psychiatrist or psychologist, determined that he had a "present severe emotional disturbance." Although a psychiatric or psychological diagnosis

[1]Ehler did not request or receive a certificate of appealability ("COA") before filing this appeal. We recently held that a COA is a jurisdictional prerequisite for a habeas challenge to a parole board decision. *Hayward v. Marshall*, __F.3d__, 2010 WL 1664977, at *3-5 (9th Cir. Apr. 22, 2010) (en banc) (overruling circuit precedent to the contrary). At the time Ehler filed his appeal, however, he was justified in believing he could proceed without a COA, and in his appellate brief he "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). We therefore issue Ehler a COA *sua sponte* and proceed to the merits of his appeal. *Hayward*, 2010 WL 1664977, at *5.

is a prerequisite to a deferral decision under the laws in effect in 1979, Oregon courts have held that the Board, and not a doctor, is responsible for the legal determination of whether an inmate has a present severe emotional disturbance. *Weidner v. Armenakis*, 959 P.2d 623, 626-27, *withdrawn by order* July 13, 1998, *reasoning readopted and aff'd Merrill v. Johnson*, 964 P.2d 284 (Or. Ct. App. 1998). Dr. David Starr diagnosed Ehler with Paraphilia NOS and Narcissistic Personality Disorder, and he concluded that Ehler would be a "difficult prospect for parole." Under the version of § 144.125(3) in effect in 1979, this diagnosis was a reasonable foundation for the Board's decision to defer Ehler's release date. There is no indication that the Board retroactively applied any later-enacted law, and therefore we cannot conclude that the Board's decision was an unreasonable application of Ex Post Facto law as determined by the Supreme Court.

Our decision in *Brown v. Palmateer*, 379 F.3d 1089 (9th Cir. 2004), is distinguishable. The Board in *Brown* did not fulfill its duty under the pre-1993 versions of § 144.125(3) to ground its parole deferral decision in a professional diagnosis. To the contrary, the psychologist's report in *Brown* plainly refuted the Board's conclusion that the petitioner suffered a present severe emotional disturbance. *Id*. at 1094. Here, the Board's determination that Ehler suffered a

present severe emotional disturbance and constituted a danger to the community was consistent with Dr. Starr's diagnosis.

**AFFIRMED.**